# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of<br><br>JOHNNY ANGEL DOLL,<br><br>        Petitioner. | No. 55481-0-II<br><br>UNPUBLISHED OPINION |

GLASGOW, A.C.J.—Johnny Angel Doll seeks relief from personal restraint imposed following his 2015 plea of guilty to unlawful possession of a controlled substance with intent to deliver and unlawful possession of a firearm in the first degree. Doll argues that the combination of his term of confinement and his term of community custody exceeds the statutory maximum sentence. Doll was sentenced to 120 months of confinement and 12 months of community custody. At that time, because Doll had prior convictions for unlawful possession of controlled substances, his statutory maximum sentence was doubled to 240 months under RCW 69.50.408.

While his petition was pending, the Washington Supreme Court issued its decision in *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021). In *Blake*, the Supreme Court held that Washington's strict liability drug possession statute, former RCW 69.50.4013(1) (2013), violated the state and federal due process clauses and therefore is void. 197 Wn.2d at 182-83, 186. The State now concedes that as a result of *Blake*, RCW 69.50.408's doubling provision no longer applies and the correct statutory maximum sentence is 120 months.[1] The State asks that Doll's judgment and sentence be remanded to the trial court for correction of the terms of confinement

---

[1] Because the trial court lacked jurisdiction to impose a sentence greater than 120 months, Doll's petition is not time barred. RCW 10.73.100(5).

and of community custody so as to not exceed the statutory maximum sentence. We accept the State's concession and remand Doll's 2015 judgment and sentence to the trial court for correction of the terms of confinement and community custody.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, A.C.J.

We concur:

Maxa, J.

Veljacic, J.